IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TEVIS RANDALL, | § | |
| *Plaintiff,* | § § § | SA-21-CV-00581-XR |
| vs. | § § | |
| FEDERATED INSURANCE, JIFFY LUBE/ALLIED LUBE, ROYAL DUTCH SHELL, | § § § § § | |
| *Defendants.* | § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Xavier Rodriguez:**

This Report and Recommendation concerns the above-styled cause of action, which was referred to the undersigned for an order on Plaintiff's motion to proceed *in forma pauperis* and for a review of the pleadings pursuant to 28 U.S.C. § 1915(e). The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that this case be dismissed for want of prosecution.

**I. Background and Analysis**

Plaintiff Tevis Randall filed this action on June 17, 2021, by filing a motion to proceed *in forma pauperis* ("IFP") and a proposed Complaint. Plaintiff's proposed Complaint names three Defendants—Federated Insurance, Jiffy Lube/Allied Lube, and Royal Dutch—and contains allegations regarding damage to his vehicle while receiving service at a local Jiffy Lube. The Court granted Plaintiff's motion to proceed IFP on June 24, 2021, but ordered Plaintiff to file a more definite statement by July 15, 2021, before ordering service of his Complaint on

1

Defendants.  The Court's Order was returned as undeliverable as addressed.  Several weeks later the Court received a notice from Plaintiff of a new mailing address.

In light of Plaintiff's new contact information, on July 27, 2021, the Court imposed a new deadline of August 17, 2021, for the filing of Plaintiff's more definite statement and had the Order mailed to Plaintiff's new address on file.  The Order was again returned as undeliverable.  The Court did not receive any further communication from Plaintiff regarding a third possible address.

The deadline for Plaintiff to file his more definite statement expired, and the Court ordered Plaintiff to show cause why this case should not be dismissed for want of prosecution.  Although mail to Plaintiff's most recent address on file has been returned as undeliverable, the Court nonetheless directed the Clerk to mail the Show Cause Order to this address.  Plaintiff had other lawsuits pending before the Court that were filed the same day as the instant case (5:21-CV-576-JKP-ESC and 5:21-CV-580-JKP-ESC), in which Plaintiff responded to orders directed to this address.  The deadline to respond to the Court's Show Cause Order has expired, and the Court has received no further communication from Plaintiff regarding his current contact information or the prosecution of this case.

A district court may dismiss an action for failure to prosecute or to comply with any order of the court.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988) (per curiam); Fed. R. Civ. P. 41(b).  Plaintiff has failed to file the more definite statement ordered by the Court, has failed to show cause for his failure to do so, and has failed to keep the Court updated with a current mailing address to ensure receipt of all Court filings.  The undersigned will therefore recommend that Plaintiff's claims be dismissed for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## II.  Conclusion and Recommendation

Having considered the record in this case, the undersigned **recommends** that this case be **DISMISSED FOR WANT OF PROSECUTION**.

## III.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal

conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 28th day of September, 2021.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE